UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARGO NEVADA, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION and GREEN TREE SERVICING LLC,<br><br>　　　　Defendants. | Case No. 2:14-CV-02035-APG-VCF<br><br>**ORDER GRANTING DEFENDANT GREEN TREE SERVICING LLC'S MOTION TO DISMISS**<br><br>(DKT. #7) |

Plaintiff Argo Nevada, LLC brought this action to quiet title in property and to enjoin a pending non-judicial foreclosure sale by defendant Green Tree Servicing LLC. I previously denied Argo's motion for a preliminary injunction. I now grant Green Tree's motion to dismiss.

**I. BACKGROUND**

This is a dispute over property located at 7412 Nectar Circle in Las Vegas, Nevada. (Dkt. #1-2 at 3.) In 2002, non-parties Anthony and Rebecca Incorvia purchased the property secured by a deed of trust listing Wells Fargo Home Mortgage, Inc. as the beneficiary. (Dkt. #6-1.)[1] In 2005, the Incorvias refinanced the property with a loan secured by a deed of trust listing Countrywide Home Loans, Inc. as the beneficiary. (Dkt. #6-2.) In 2013, Countrywide assigned the deed of trust to defendant Green Tree. (Dkt. #6-3.)

On July 24, 2014, Green Tree, through its agent, National Default Servicing Corporation ("NDSC"),[2] recorded a notice of default and election to sell. (Dkt. #6-4.) On October 27, 2014, plaintiff Argo acquired the Incorvias' interest in the property via a bankruptcy trustee's quitclaim

---

[1] Green Tree requests I take judicial notice of the documents recorded with the Clark County Recorder. Argo does not oppose this request, nor does it suggest any of the documents are not authentic or not subject to judicial notice. I therefore grant the request. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

[2] NDSC previously was dismissed as a defendant from this action. (Dkt. #14.)

deed executed by the bankruptcy trustee for the Incorvias' bankruptcy estate. (Dkt. #1-2 at 3; Dkt. #6-6.) The bankruptcy trustee's quitclaim deed states that "[u]nless specifically limited by the bankruptcy court order recording concurrently herewith, Grantee will take title to the Property **SUBJECT TO ANY AND ALL CLAIMS, LIENS, AND OTHER ENCUMBRANCES** . . . ." (Dkt. #6-6 (emphasis in original).) The bankruptcy court's order authorizing the sale states the buyer would purchase the property "**SUBJECT TO ALL EXISTING LIENS, INTERESTS, ENCUMBRANCES, AND CLAIMS, WITHOUT WARRANTY, IN 'AS IS' CONDITION** . . . ." (Dkt. #6-7 (emphasis in original).)

 On November 3, 2014, NDSC recorded a notice of trustee's sale setting the sale for November 24, 2014. (Dkt. #6-5.) Argo recorded the bankruptcy trustee's quitclaim deed on November 6, 2014. (Dkt. #1-2 at 8.)

Argo filed this action in Nevada state court on November 18, 2014, seeking to quiet title. (Dkt. #1-2.) Argo moved for a temporary restraining order and a preliminary injunction, arguing Green Tree and NDSC did not provide it with notice of the trustee's sale in violation of the notice provisions in Nevada's non-judicial foreclosure statutes. The state court granted a temporary restraining order. (Dkt. #1-4.) Green Tree then removed the action to this court, while Argo's motion for a preliminary injunction was still pending. (Dkt. #1.) I held a hearing on the motion for a preliminary injunction and denied it. (Dkt. #9.)

 Green Tree moves to dismiss the complaint. Green Tree argues that Argo cannot quiet title in itself because the bankruptcy trustee's quitclaim deed by its terms does not extinguish prior security interests, such as Green Tree's deed of trust. Additionally, Green Tree argues it provided all required notices on the date the various notices were sent and no notice to Argo was required because Argo did not become an owner of record until after the notice of sale was recorded. Finally, Green Tree argues that any challenge to the trustee's sale for failure to comply with the statutory notice requirements is not ripe because there has been no trustee's sale.

Argo responds that its complaint should not be dismissed because Green Tree did not send it notice of the sale even though it recorded its interest over two weeks before the scheduled sale.

Argo contends Green Tree thus violated Nevada's non-judicial foreclosure statute by not giving it the required notice. Alternatively, Argo requests leave to amend to assert a claim for unjust enrichment because Argo has made improvements to the property, including repairing the pool, replacing appliances, paying property taxes, and painting the interior.

Green Tree opposes amendment as futile because Argo improved the property after the notice of default and notice of trustee's sale already had been recorded against the property. Thus, Argo had constructive notice of the pending foreclosure. Green Tree also argues any claim for unjust enrichment is premature because no foreclosure sale has taken place and Green Tree therefore has not been unjustly enriched.

## II. ANALYSIS

### A. Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Under Nevada law, any person may bring a claim against others who claim an estate or interest in real property "for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. In an action under § 40.010 to quiet title to real property, "each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (en banc) (quotation omitted).

Even taking Argo's allegations as true, Argo cannot show it has superior title. The bankruptcy trustee's quitclaim deed specifically states that Argo took the Incorvias' title subject to pre-existing liens and encumbrances, like Green Tree's deed of trust. To the extent Argo intended to assert a claim to set aside the foreclosure sale under Nevada Revised Statutes § 107.080 for failure to comply with the statutory notice requirements, any such claim is not ripe because no foreclosure sale has taken place and I denied Argo's requested injunctive relief. Thus, Argo's complaint must be dismissed.

### B. Motion to Amend

In its opposition, Argo seeks leave to add a claim for unjust enrichment. Argo did not attach the proposed amended complaint as required under Local Rule 15-1(a). Additionally, amendment at this point would be futile because Argo's claim for unjust enrichment is not ripe. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (stating a district court "does not err in denying leave to amend where the amendment would be futile"). Unless and until Green Tree forecloses and sells the property, it has not "retain[ed] a benefit which in equity and good conscience belongs to another." *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) (quotation omitted). I therefore deny leave to amend, without prejudice to Argo filing a lawsuit for any such claim if and when it becomes ripe.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Green Tree Servicing LLC's motion to dismiss **(Dkt. #7) is GRANTED**. The clerk of court is directed to enter judgment in favor of defendant Green Tree Servicing LLC and against plaintiff Argo Nevada LLC.

DATED this 11th day of August, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE