UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARGO NEVADA, LLC, | Case No. 2:14-CV-02035-APG-VCF |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT GREEN TREE SERVICING LLC'S MOTION FOR ATTORNEYS' FEES** |
| NATIONAL DEFAULT SERVICING CORPORATION and GREEN TREE SERVICING LLC, | (DKT. #25) |
| Defendants. | |

Plaintiff Argo Nevada, LLC brought this action to quiet title in property and to enjoin a pending non-judicial foreclosure sale by defendant Green Tree Servicing LLC. I denied Argo's motion for a preliminary injunction, and subsequently granted Green Tree's motion to dismiss. Green Tree now moves for an award of its attorneys' fees.

For the reasons set forth in my order dismissing the complaint, Argo maintained its claims without reasonable grounds. Although Argo obtained an *ex parte* Temporary Restraining Order from the state court, the "exigent circumstances" presented to the state court judge explain the entry of that order. (Dkt. 1-4 at 3 (p. 2, ll. 14-19).) However, when seeking that order, Argo did not inform the judge that it had acquired title "subject to any and all claims, liens, and other encumbrances," including Green Tree's lien. (Dkt. 1-5 at 2-6.) Thus, the state court judge was deprived of this information when considering whether to enjoin Green Tree's foreclosure.

After Green Tree filed its motion to dismiss, Argo was on notice of the strong defenses to its claims, including the language in the notice provisions of Nev.Rev.Stat. §108.010. Nevertheless, Argo continued to maintain this lawsuit without reasonable grounds. Thus, under Nev.Rev.Stat. §18.010(2)(b), Green Tree is entitled to recover its reasonable attorneys' fees.

> The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all

appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

Nev.Rev.Stat. §18.010(2)(b).

The factors I must consider in determining reasonable attorney's fees are set forth in *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349-350, 455 P. 2d 31, 33 (1969). I have reviewed those factors in light of the information contained in Green Tree's motion for fees and the attached exhibits. While this case did not require detailed research and analysis of complex or novel legal issues, the time spent and rates charged were appropriate for the work. Green Tree's lawyers properly staffed the case and efficiently performed the work. Green Tree prevailed on both its opposition to the motion for preliminary injunction and its motion to dismiss, saving significantly greater amounts of future litigation and fees. Under the *Brunzell* factors, Green Tree is entitled to an award of $7,000.00 in attorneys' fees.[1]

Green Tree's request for an award of fees against plaintiff and its lawyer under 28 U.S.C. §1927 is denied as without justification.

IT IS THEREFORE ORDERED that defendant Green Tree Servicing LLC's motion for attorneys' fees **(Dkt. #25) is GRANTED IN PART**. Green Tree is awarded $7,000.00 in attorneys' fees against plaintiff Argo Nevada, LLC. The clerk of court is directed to enter judgment accordingly.

DATED this 30th day of September, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] This amount is slightly higher than the amount detailed in the Exhibit 1 to the motion, to account for preparation of the Reply. It is lower than the total requested in the motion, because no hearing was necessary on the motion. (Dkt. #25 at 4, ftnt. 2.)