Jarad D. Beckman, Esq. (SBN 12328)
jdbeckman@wolfewyman.com
WOLFE & WYMAN LLP
980 Kelly Johnson Drive, Suite 140
Las Vegas, NV 89119
Tel: (702) 476-0100
Fax: (702) 476-0101

Attorneys for Defendant,
GREEN TREE SERVICING, LLC, now known as
DITECH FINANCIAL, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARGO NEVADA, LLC,<br><br>    Plaintiff,<br>v.<br><br>GREEN TREE SERVICING, LLC, a Delaware corporation; and DOES 1-5, inclusive,<br><br>    Defendants. | Case No. 2:14-cv-02035-APG-VCF<br><br>**MOTION FOR JUDGMENT DEBTOR EXAMINATION AND TO PRODUCE DOCUMENTS** |

PLEASE TAKE NOTICE that Judgment Creditor Green Tree Servicing, LLC, now known as Ditech Financial, LLC ("Ditech"), by and through its attorneys, brings this motion seeking this Court, in light of the civil judgments entered by this Court on August 11, 2015 (Dkt. 29) and October 13, 2015 (Dkt. 31) against Judgment Debtor Argo Nevada, LLC ("Argo") and pursuant to Rule 69 of the Federal Rules of Civil Procedure and Nevada Revised Statutes 21.270, issue an order requiring:

1.   That Ovidiu Ene, Managing Member and Registered Agent of Argo, appear before a magistrate of the Court and answer upon oath or affirmation concerning Argo's property at a Judgment Debtor Examination under the authority of a Magistrate Judge, pursuant to Local Rule IB 1-9(k); and

2.   That Argo produce to Ditech's counsel, Jarad D. Beckman, Wolfe & Wyman, LLP, 980 Kelly Johnson Dr., Suite 140, Las Vegas, NV 89119, at least one week prior to the Judgment Debtor Examination, so that Ditech's counsel may effectively review and question Ovidiu Ene regarding the documents, all information and documents identifying, related to, and/or comprising

1

MOTION FOR JUDGMENT DEBTOR EXAMINATION AND TO PRODUCE DOCUMENTS

2308409.1

the following:

a. Any and all information and documentation identifying real property, computers, intellectual property, vehicles, brokerage accounts, bank deposits and all other assets that may be available for execution to satisfy the Judgment entered by the Court, including, but not limited to, information relating to financial accounts, monies owed to Argo by others, etc.

b. Documents sufficient to show Argo's balance sheet for each month for the years 2013 through the present.

c. Documents sufficient to show Argo's gross revenues for each month for the years 2013 through the present.

d. Documents sufficient to show Argo's costs and expenses for each month for the years 2013 through the present.

e. All tax returns filed by Argo with any governmental body for the years 2013 through the present, including all schedules, W-2s and 1099s.

f. All of Argo's accounting records, computerized, electronic and/or in printed or paper format for the years 2013 through the present.

g. All of Argo's statements, cancelled checks and related banking documents for any bank, brokerage or other financial account at least partially controlled by Argo, or recorded in the name of Argo or one of its directors or officers for Argo's benefit, for the years 2013 through the present.

h. All of Argo's checkbooks, checkbook stubs and checkbook entries for the years 2013 to the present.

i. Documents sufficient to identify the any other assets available for execution to satisfy the Judgment entered by the Court, including any rights to any intellectual property or other intangible assets.

j. Documents sufficient to show the means and source of payment of Argo's outside counsel in this matter.

///

k.  Any settlement agreements by which another party has agreed to pay money to Argo.

This Application is made based upon the Points and Authorities, the Beckman Declaration and any Exhibits attached hereto.

DATED: April 4, 2016                             WOLFE & WYMAN LLP

By: /s/ Jarad D. Beckman
    JARAD D. BECKMAN (SBN 12328)
    jdbeckman@wolfewyman.com
    WOLFE & WYMAN LLP
    980 Kelly Johnson Drive, Suite 140
    Las Vegas, NV  89119
    Telephone:  (702) 476-0100
    Facsimile:  (702) 476-0101
    Attorneys for Defendant,
    GREEN TREE SERVICING, LLC now known as DITECH FINANCIAL, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Rule 69 of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution ... the judgment creditor ... may obtain discovery from any person-including the judgment debtor." Fed. R. Civ. P. 69. "Enforcement proceedings in federal district court are governed by the law of the state in which the court sits, 'but a federal statute governs to the extent that it is applicable.'" Peterson v. Islamic Republic of Iran, 627 F.3d 1117, 1130 (9th Cir. 2010) (citing Fed. R. Civ. P. 69(a)(1)). Notably, in looking to Nevada law on the subject, the Ninth Circuit has explained, "the supplementary proceedings provided by N.R.S. 21.270 to 21.340 permit of the examination of the debtor and witnesses and also provide means for dealing with a situation when the property is claimed by a third party." Greear v. Greear, 303 F.2d 893, 896 (9th Cir. 1962); see also Quiroz v. Dickerson, *slip copy*, 2015 WL 321401 at *3-4 (D. Nev. Jan. 23, 2015) (collecting cases).

In looking to NRS 21.270(1), the state law regarding proceedings supplementary to execution are nearly identical to those set forth under federal law, authorizing the Court to enter "an order...requiring the judgment debtor to appear and answer upon oath of affirmation concerning his or her property." NRS 21.280 goes on, "[if] any judgment debtor has property which the judgment debtor unjustly refuses to apply toward the satisfaction of the judgment, such court or judge may by an order require the judgment debtor to appear ... to answer concerning the same; and such proceedings may thereupon be had for the application of the property of the judgment debtor toward the satisfaction of the judgment as are provided upon the return of an execution."

Thus, both federal and state law provide that a judgment debtor may be hailed before the Court to answer questions under oath regarding, or in identification of, any property that may be applied towards satisfaction of the judgment.

### A. Ditech is Entitled to a Judgment Debtor Examination

Pursuant to Rule 62, proceedings to enforce a money judgment may be initiated once 14 days have passed since the entry of judgment, unless the judgment debtor has obtained a stay by posting a supersedeas bond. Fed. R. Civ. P. 62. On September 30, 2015 the Court entered a judgment against

4

Argo, awarding fees in the amount of $7,000.00. Dkt. 29. On October 13, 2015, costs were taxed in the amount of $565.03 and were included in the judgment. Dkt. 31. More than 14 days have passed, and Argo has not paid any part of the total of $7,565.03 owed and has neither sought nor obtained a stay. Beckman Declaration, at ¶ 6. Accordingly, Ditech may proceed.

Rule 69(b) provides that Ditech "may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 62(a); see also El Salto S.A. v. PSG Co., 444 F.2d 477, 484 n. 3 (9th Cir.), cert. denied, 404 U.S. 940 (1971) ("a judgment creditor proceeding under Rule 69(a) may utilize either State practice or the federal rules for taking depositions").

Under Nevada procedure, Ditech is entitled to a debtor examination. As set forth above, NRS 21.270 provide that a judgment creditor, at any time after the judgment is entered, is "entitled to an order from the judge of the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property" at an examination either before: 1) the judge or master appointed by the judge; or 2) an attorney representing the judgment creditor.

Because Argo is indisputably a judgment debtor to Ditech and because more than 14 days have passed since entry of the judgment and Argo has not satisfied the judgment, Ditech is entitled to a judgment debtor's examination pursuant to Fed. R. Civ. P. 69 and NRS 21.270.

B. **The Debtor Examination Should Proceed Before a Magistrate**

A Judgment Debtor Examination is necessary to enable Ditech to discover any and all real and personal property, vehicles, assets, accounts, etc. of Argo and facts relating thereto, which may assist in potential executions to satisfy the Judgment. NRS 21.270 entitles Ditech to an examination before either the Court or an attorney. To that end, LR IB 1-9(k) authorizes this court to conduct judgment debtor examinations and to preside over proceedings to enforce civil judgments. Further, LR IB 1-9(n) gives a magistrate judge the authorization to preside over proceedings to enforce civil judgments.

///
///
///

Accordingly, Ditech respectfully requests that the examination take place before a Magistrate Judge. The supervision of a Magistrate is necessary because Argo has continued to refuse to satisfy the judgment against it, which Ditech's counsel has been actively seeking to pursue absent Court assistance since October 2015. See Beckman Declaration at ¶¶ 7-8.

### C. Argo Should Be Ordered to Produce Documents Necessary to Identify Company Assets

Ditech additionally requests an order requiring production of relevant documents to enable it to pursue execution of its judgment. "The scope of post-judgment discovery is very broad, and the rule entitles a judgment creditor to 'a very thorough examination of the judgment debtor.'" VFS Financing, Inc. v. Specialty Financing Corp., *unreported*, 2013 WL 1413024 (citing Caisson Corp. v. County West Building Corp., 62 F.R.D. 331, 335 (E.D. Pa. 1974)).

Indeed, Ditech is entitled to discover where Argo's funds are located, and whether any transfers of those funds were fraudulent pursuant to NRS 112.180. Post-judgment discovery can be used to gain information relating to, among other things, the existence or transfer of the judgment debtor's assets. See, e.g., FDIC v. LeGrand, 43 F.3d 163, 172 (5th Cir. 1995) ("The scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made.") (cited with approval in 1st Tech., LLC v. Rational Enterprises Ltda, *unpublished*, 2007 WL 5596692 at *4 (D. Nev. Nov. 13, 2007). Ditech is also entitled to financial statements, bank statements, investment account statements, and tax returns. See, e.g., McNair v. Dist. Ct., 110 Nev. 1285, 1289-90, 885 P.2d 576, 579 (1994) (requiring production of all relevant documents, including tax returns); see also Whitwam v. JetCard Plus, Inc., 304 F.R.D. 664 (S.D. Fla. 2015) (finding it appropriate to require judgment debtor to produce three years of financial information, including tax returns and bank account statements.) Accordingly, Ditech requests an Order that Argo produce these documents to Ditech's counsel prior to the requested debtor's examination so that the parties may meaningfully discover any assets which may be used to satisfy the judgment in this case.

///

///

### D. Conclusion

For the reasons stated above, pursuant to Fed. R. Civ. P. 69, NRS 21.270, and Local Rules IB 1-9(k, n), Ditech respectfully requests that this Court issue its Order Scheduling a Judgment Debtor Examination to take place before a magistrate judge of this Court and order Argo to produce the documents list above.

A proposed order is attached hereto.

DATED: April 4, 2016                          WOLFE & WYMAN LLP


By: */s/ Jarad D. Beckman*
    **JARAD D. BECKMAN (SBN 12328)**
    *jdbeckman@wolfewyman.com*
    **WOLFE & WYMAN LLP**
    980 Kelly Johnson Drive, Suite 140
    Las Vegas, NV 89119
    Telephone: (702) 476-0100
    Facsimile: (702) 476-0101
    **Attorneys for Defendant,**
    **GREEN TREE SERVICING, LLC now known as DITECH FINANCIAL, LLC**

## DECLARATION OF JARAD D. BECKMAN

1. I am an attorney with the law firm of Wolfe & Wyman, LLP, counsel for Defendant GREEN TREE SERVICING, LLC, now known as DITECH FINANCIAL, LLC ("Ditech") in the matter of <u>Argo Nevada LLC v. Green Tree Servicing, LLC</u>, United States District Court, District of Nevada, Case No. 2:14-cv-02035-APG-VCF. I have personal knowledge of the matters declared herein.

2. On September 30, 2015 the Court entered judgment in favor of Ditech in the amount of $7,000.00. On October 13, 2015, costs in this matter were taxed in the amount of $565.03.

3. The total judgment amounts to $7,565.03, plus interest as allowed by law (the "Judgment").

4. Argo has not paid any portion of the Judgment, nor obtained a supersedeas bond.

5. The last known address of Argo is:

   Argo Nevada LLC
   6840 Red Rock St.
   Las Vegas, Nevada 89118

6. I have reviewed public records of the Clark County Assessor's Office, and determined that Argo's Managing Member and Registered Agent Ovidiu Ene owns the registered address for Argo, being 6840 Red Rock St., Las Vegas, NV 89118.

7. I have requested, through counsel, that Argo pay the judgment against it on multiple occasions since September 30, 2015, including on October 7, 2015; October 31, 2015; November 29, 2015; December 28, 2015; March 23, 2016 and March 29, 2016.

///
///
///
///
///
///
///

8. No tender of payment in satisfaction of the judgment has been made by Argo or Argo's counsel at any time.

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

_____
JARAD D. BECKMAN, ESQ.

SUBSCRIBED AND SWORN
To before me this 4th day
of April, 2016

_____
NOTARY PUBLIC, in and for
said County and State

My Commission Expires:



A. LODWICK
Notary Public State of Nevada
No. 13-12012-1
My appt. exp. Oct. 21, 2017

---

9

**DITECH MOTION FOR JUDGMENT DEBTOR'S EXAMINATION**

2308409.1

## CERTIFICATE OF SERVICE

On April 4, 2016, I served the **MOTION FOR JUDGMENT DEBTOR EXAMINATION AND TO PRODUCE DOCUMENTS** by the following means to the persons as listed below:

   __X__    a.    EFC System (you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):

   Mont E. Tanner:    mtannerlaw@aol.com

   _____    b.    United States Mail, postage fully pre-paid (List persons and addresses. Attach additional paper if necessary):

By: */s/ Allyson Lodwick*
     Allyson Lodwick
     An employee of Wolfe & Wyman LLP

---

10
**DITECH MOTION FOR JUDGMENT DEBTOR'S EXAMINATION**

2308409.1

Jarad D. Beckman, Esq. (SBN 12328)
jdbeckman@wolfewyman.com
WOLFE & WYMAN LLP
980 Kelly Johnson Drive, Suite 140
Las Vegas, NV  89119
Tel: (702) 476-0100
Fax: (702) 476-0101

Attorneys for Defendant,
GREEN TREE SERVICING, LLC now known as
DITECH FINANCIAL, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARGO NEVADA, LLC,<br><br>  Plaintiff,<br>v.<br><br>GREEN TREE SERVICING, LLC, a Delaware corporation; and DOES 1-5, inclusive,<br><br>  Defendants. | Case No. 2:14-cv-02035-APG-VCF<br><br>[PROPOSED] ORDER SCHEDULING JUDGMENT DEBTOR EXAMINATION AND TO PRODUCE DOCUMENTS |

Pursuant to the Motion of the Judgment Creditor for issuance of this Court's Order Scheduling Judgment Debtor Examination and Productions of Documents, and Good Cause Appearing therefor,

Good cause appearing, IT IS HEREBY ORDERED that:

1. Ovidiu Ene, Managing Member and Registered Agent of Plaintiff and Judgment Debtor Argo Nevada, LLC ("Argo"), shall personally appear before this Court on May 10, 2016 at 10:00 a.m. in Courtroom 3D ~~and shall be sworn to tell the~~ to be sworn in for ~~truth and give testimony at a~~ Judgment Debtor Examination. Ovidiu Ene shall be examined with regard to the extent and location of Argo's assets that may be available for satisfying the Judgment entered by this Court.

2. At least one week prior to the above-scheduled Judgment Debtor Examination, Judgment Debtor shall produce the following documents to Jarad D. Beckman, Wolfe & Wyman,

1

ORDER GRANTING MOTION FOR JUDGMENT DEBTOR EXAMINATION
AND TO PRODUCE DOCUMENTS

2310196.1

LLP, 980 Kelly Johnson Dr., Suite 140, Las Vegas, NV 89119:

a. Any and all information and documentation identifying real property, computers, intellectual property, vehicles, brokerage accounts, bank deposits and all other assets that may be available for execution to satisfy the Judgment entered by the Court, including, but not limited to, information relating to financial accounts, monies owed to Argo by others, etc.

b. Documents sufficient to show Argo's balance sheet for each month for the years 2013 through the present.

c. Documents sufficient to show Argo's gross revenues for each month for the years 2013 through the present.

d. Documents sufficient to show Argo's costs and expenses for each month for the years 2013 through the present.

e. All tax returns filed by Argo with any governmental body for the years 2013 through the present, including all schedules, W-2s and 1099s.

f. All of Argo's accounting records, computerized, electronic and/or in printed or paper format for the years 2013 through the present.

g. All of Argo's statements, cancelled checks and related banking documents for any bank, brokerage or other financial account at least partially controlled by Argo, or recorded in the name of Argo or one of its directors or officers for Argo's benefit, for the years 2013 through the present.

h. All of Argo's checkbooks, checkbook stubs and checkbook entries for the years 2013 to the present.

i. Documents sufficient to identify the any other assets available for execution to satisfy the Judgment entered by the Court, including any rights to any intellectual property or other intangible assets.

j. Documents sufficient to show the means and source of payment of Argo's outside counsel in this matter.

2

ORDER GRANTING MOTION FOR JUDGMENT DEBTOR EXAMINATION
AND TO PRODUCE DOCUMENTS

2310196.1

k. Any settlement agreements by which another party has agreed to pay money to Argo.

DATED and DONE this <u>6th</u> day of <u>April</u>, 2016.

_____
UNITED STATES ~~DISTRICT~~/MAGISTRATE JUDGE

Submitted by:

By: _____
**JARAD D. BECKMAN (SBN 12328)**
**WOLFE & WYMAN LLP**
**980 Kelly Johnson Drive, Suite 140**
**Las Vegas, NV  89119**
**Attorneys for Defendant,**
**GREEN TREE SERVICING, LLC now known as**
**DITECH FINANCIAL, LLC**

IT IS FURTHER ORDERED that Ovidiu Ene must appear at the offices of Wolfe & Wyman LLP, located at 980 Kelly Johnson Drive, Suite 140, Las Vegas, Nevada 89119, for a Judgment Debtor Examination on May 10, 2016 at 11:30 a.m.

IT IS FURTHER ORDERED that the Motion for Judgment Debtor Examination (#33) is GRANTED.